AO 91 (Rev. 11/11)  Criminal Complaint

United States District Court
Southern District of Texas
**ENTERED**
June 10, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
**FILED**
June 05, 2020
David J. Bradley, Clerk of Court

| | |
|---|---|
| United States of America<br>v.<br>Travis Glendon Martin, III<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  **4:20mj1006**<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 29, 2020__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 231(a)(3) | Civil Disorders - Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. |

This criminal complaint is based on these facts:

See attached "Affidavit in Support of Criminal Complaint"

Denied on 6/5/2020 for the reasons stated at the bottom of the affidavit.

*signature: Peter Bray*

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Thomas G. Seftick

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: __June 05, 2020__

*Judge's signature*

City and state: __Houston, Texas__  Hon. Peter Bray, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Thomas G. Seftick, affiant, herby depose and state the following:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have worked as such since July 2015. I am currently assigned to the Houston Field Office, Violent Crime Task Force. During my law enforcement career, I have been trained in investigations relating to violations of the United States Federal Criminal Code, including Title 18 of the United States Code (hereafter "U.S.C."), specifically criminal violations involving bank robbery, interference with commerce by threats or violence and assault on federal officers.

2. The facts contained in this affidavit are based upon information provided to me by other law enforcement officers, other witnesses, and my own personal knowledge. Since this affidavit is made for the limited purpose of supporting a Criminal Complaint, I have not set forth each and every fact learned during the course of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause for the crime charged. Unless otherwise indicated, where actions, conversations, and statements of others are related herein, they are related in substance and in part only.

3. This affidavit is being submitted in support of a criminal complaint and arrest warrant. Your affiant states that there is probable cause to believe that

TRAVIS MARTIN has committed the offense of Civil Disorder, in violation of Title 18, United States Code, Section 231(a)(3) which states in:

> Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

The punishment for a violation of 18 U.S.C. § 231 is punishable by imprisoned of not more than five years and a fine of $250,000.

4. The term "civil disorder: is defined by 18 U.S.C. § 232(1) as, "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual."

5. On and around May 29, 2020 the Houston Police Department officers were lawfully engaged in the lawful performance of duties related to a civil disorder during the protest of the in-custody death of George Floyd. The protest involved multiple acts of violence perpetrated by a many individuals, many

more than three, which resulted in damage to property and injury to persons, including peaceful protesters.

6. Officers Canales and Montalbano were some of the officers assigned to control the flow of pedestrian traffic and prevent pedestrians from entering Interstate-45. Insterstate-45 (I-45) comprises a section of interconnected highways begun through the passage of the Federal-Aid Highway Act of 1956 which are utilized in the transportation of goods and services for interstate commerce. The interstate highway system is funded through a federal fuel tax. The ongoing disturbances are affecting the commerce in the city of Houston by impeding the delivery of goods shipped on I-45 and throughout the interstate highway system to other states.

7. Officers Canales and Montalbano are fully sworn members of the Houston Police Department charged with the enforcement of laws of the State of Texas and the City of Houston.

8. On May 29, 2020, Officer Canales was charged with controlling the flow of pedestrian traffic and preventing pedestrians from entering I-45 near 600 Houston Avenue, Houston Texas. While in this position, Officer Canales observed a male subject wearing an orange shirt and overalls charge at him. The subject, later identified as TRAVIS MARTIN, lowered his shoulder and rammed into Officer Canales in an attempt to break through the police line

and enter I-45. MARTIN was taken to the ground by Officer Canales to gain control of the subject. Officer Canales was assisted by Officer Montalbano in placing MARTIN into custody after MARTIN exhibited passive resistance by placing his arms underneath of his body as he lay prone on the ground.

9. The actions of MARTIN impeded and attempted to impeded the officers from performing their official duties as a second subject was able to remove a traffic cone and throw the traffic cone at the officers as they attempted to take MARTIN into custody.

10. Based on the foregoing facts, your Affiant believes there is probable cause to believe that on MAY 29, 2020, TRAVIS MARTIN did knowingly and intentionally commit a Civil Disorder, in violation of Title 18, United States Code, Section 231(a)(3).

_____
Thomas G. Seftick
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, on this  5th  day of June, 2020.

_____
Hon. Peter Bray
United States Magistrate Judge

*Decision of the Court: Denied. The government has failed to establish probable cause. There are two elements to the alleged crime. First, the defendant must interfere with a law enforcement officer. Second, there must be some actual interference with commerce or a federally protected function. The second element is lacking. The government may resubmit with additional facts, if available.*

*Signed at Houston, Texas on 6/5/2020.*

Peter Bray
United States Magistrate Judge

4