**Note:**

This statue was previously prosecuted in *United States v. Casper*, 541 F.2d 1275 (8th Cir., 1978). In that case the government proceeded on the federal function clause rather than the interstate commerce clause of the statute. The elements for 18 U.S.C. § 231(a)(3) are as follow.

1. That a civil disorder existed at the time of any alleged violation;

2. That such civil disorder was resulting in interference *with commerce or the movement of any article or commodity in commerce*; (original text: That such civil disorder was resulting in interference with a federally pro-tected function);

3. That one or more law enforcement officers were lawfully engaged in the lawful performance of their official duties incident to and during the commission of such civil disorder;

4. That the Defendant attempted to commit an act for the intended purpose of obstructing, impeding, or interfering, either by himself or with someone else, in a violent manner with such law enforcement officer or officers;

5. That such attempt to act was done willfully and knowingly.

It is the Government's position that the civil disorder, in general, had a negative impact on commerce and the flow of commerce on Interstate-45. Furthermore, the it is Government's position that beyond meeting the element that the civil disturbance interfered with the flow of commerce, that Martin specifically interfered with the flow of commence when he moved up the onramp to I-45, assault an police officer and then resisted arrest, thereby preventing the free movement of commerce into the interstate highway system.

Additionally, with respect to commerce, although there does not appear to be a case on point with respect to the commerce prong of 18 USC § 231(a)(3), the commerce language in Section 231 is consistent with the commerce language in the Hobbs Act, 18 USC § 1951. The pertinent commerce language of 18 USC § 231(a)(3) reads, "which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce." The similar language from the Hobbs Act reads, "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." With this similar language in mind, the government turns to *United States v. Wright*, 797 F.2d 245, (Fifth Cir. 1986) United States Court of Appeals, *reh'g denied*, 804 F.2d 843 (5th Cir. 1986). Wright involved a scheme by city attorneys to not prosecute DWI cases in violation of the 18 USC § 1951(a) (Hobbs Act) for interfering with interstate commerce. In that case the Court stated that the district court relied on a single theory of interstate commerce in arriving at its decision. *Id.* at 248. Specifically the Fifth Circuit looked back to the expert testimony of a witness that lead the trial court to recognize that, "local failure to prosecute DWI cases encourages more drunken driving, which jeopardizes highway safety by causing more accidents, and thus interferes with interstate travel on interstate highways," which thereby allowed the district court to find that "the failure to prosecute DWI offenses in return for the payment of money adversely affected interstate commerce." *Id.* at 249.

It is the government's position that, first the civil disturbance alone is sufficient to interfere with interstate commerce (*See Casper*), secondly that the acts of Martin alone while sufficient to interfere with interstate commerce and finally, the contributory affect of Martin's action on those around him interfere with interstate commerce (*See Wright)*.